PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: DAVID DOUGLAS JONES,

                  *Debtor.*

DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS, LLC,

            *Plaintiff-Appellee,*          No. 08-2177

            v.

DAVID DOUGLAS JONES; KIRSTEN M.
JONES,

          *Defendants-Appellants.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph R. Goodwin, Chief District Judge.
(2:07-cv-00709; 2:06-bk-20296; 2:06-ap-02151)

Argued: September 23, 2009

Decided: January 11, 2010

Before NIEMEYER and SHEDD, Circuit Judges,
and Mark S. DAVIS, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Affirmed by published opinion. Judge Shedd wrote the opinion, in which Judge Niemeyer and Judge Davis joined.

2                    In Re: Jones

## COUNSEL

**ARGUED**: Andrew Steven Nason, PEPPER & NASON, Charleston, West Virginia, for Appellants. Stephen P. Hale, HALE, DEWEY & KNIGHT, PLLC, Memphis, Tennessee, for Appellee. **ON BRIEF:** Jacob C. Zweig, HALE, DEWEY & KNIGHT, PLLC, Memphis, Tennessee, for Appellee.

---

## OPINION

SHEDD, Circuit Judge:

David Douglas Jones and Kirsten M. Jones appeal an order of the district court which held that DaimlerChrysler Financial Services Americas, LLC, had the right to repossess their vehicle pursuant to 11 U.S.C. §§ 362(h) and 521(a)(2), and West Virginia Code § 46A-2-106. For the following reasons, we affirm.

### I.

The Joneses purchased a vehicle under a Retail Installment Contract with DaimlerChrysler that granted DaimlerChrysler a security interest in the vehicle to secure payment; the security interest was later perfected. The contract contains a clause which provides that the Joneses will be in default if they file a bankruptcy petition or if one is filed against them. Subsequently, David Jones filed a petition for relief under Chapter 7 of the Bankruptcy Code. Kirsten M. Jones did not file for bankruptcy but brought this adversary proceeding as the co-owner of the vehicle.

In filing for bankruptcy, Mr. Jones filed a statement of intention with respect to the contract for purchase of the Joneses' vehicle that indicated that he would "Continue Payments" on the vehicle but did not state whether he intended

to redeem the vehicle or reaffirm the debt as required by 11 U.S.C. §§ 362(h) and 521(a)(2).[1] He also failed to redeem the vehicle or enter into a reaffirmation agreement with Daimler-Chrysler within 45 days of the first meeting of creditors held on June 16, 2006. *See* 11 U.S.C. § 521(a)(6). Mr. Jones made a payment on August 28, 2006, through DaimlerChrysler's automated telephone payment system. This was the only payment made after the § 521(a)(6) 45-day period to either redeem or reaffirm expired on July 31, 2006.

DaimlerChrysler thereafter moved to confirm termination of the automatic stay[2] so that it could enforce its security interest by repossessing the vehicle pursuant to the default-upon-bankruptcy clause, also called an "*ipso facto*" clause. *See In re Husain*, 364 B.R. 211, 217 n.7 (Bankr. E.D. Va. 2007). After a hearing, the bankruptcy court entered an agreed order confirming that the automatic stay was terminated. Thereafter, without providing written notice of default and right to cure, DaimlerChrysler repossessed the vehicle pursuant to the *ipso facto* clause. The Joneses then commenced this adversary proceeding.

As part of the adversary proceeding, the bankruptcy court enjoined the sale of the vehicle and required its return. The bankruptcy court held that DaimlerChrysler did not have the

---

[1] These sections require a debtor intending to retain the collateral to file a statement of intention which states the intent to either reaffirm the debt in a reaffirmation agreement or redeem the property. Then, a creditor and a debtor enter into a reaffirmation agreement prior to discharge, and the consideration for the agreement is the debt which is dischargeable under the Bankruptcy Code; the agreement must be filed with the court. 11 U.S.C. § 524(c). Alternatively, a debtor may redeem property from a secured lien by paying the lienholder the full amount of the lien. 11 U.S.C. § 722. An individual debtor has 45 days after the first meeting of creditors to either reaffirm or redeem. § 521(a)(6).

[2] When a bankruptcy petition is filed, it operates as an automatic stay of "any act to obtain possession of property of the estate." 11 U.S.C. § 362(a)(3).

4                             In Re: Jones

right under the Bankruptcy Code to repossess the Joneses'
vehicle even though Mr. Jones failed to indicate either his
intent to redeem the vehicle or reaffirm the debt on his state-
ment of intention. The bankruptcy court relied on the "ride-
through" option recognized in *Home Owners Funding Corp.
of Am. v. Belanger (In Re Belanger)*, 962 F.2d 345, 347-49
(4th Cir. 1992). The ride-through option permitted Chapter 7
debtors who were current on their installment payments to
continue making payments and retain collateral after dis-
charge without redeeming the collateral or reaffirming the
debt. *Id.* at 347. The bankruptcy court also held that West Vir-
ginia Code § 46A-2-106 required DaimlerChrysler to first
give the Joneses notice of the right to cure default before
repossessing the vehicle.

   On appeal, the district court reversed both rulings and held
that DaimlerChrysler had the right to repossess the vehicle. *In
re Jones*, 397 B.R. 775 (Bankr. S.D. W. Va. 2008). Specifi-
cally, the court held that the Bankruptcy Abuse Prevention
and Consumer Protection Act of 2005 (BAPCPA), Pub. L.
No. 109-8, 119 Stat. 23, eliminated the ride-through option
recognized in *In Re Belanger*. *In re Jones*, 397 B.R. at 787.
The district court also held that § 46A-2-106 is inapplicable
here. *Id.* at 794-95. The Joneses now appeal the order of the
district court, challenging both of these rulings. For the fol-
lowing reasons, we reject their contentions and affirm.

                               II.

   When reviewing a decision by a district court in its capacity
as a bankruptcy appellate court, we examine factual findings
of the bankruptcy court for clear error and review legal con-
clusions *de novo*. *See IRS v. White (In re White)*, 487 F.3d
199, 204 (4th Cir. 2007). Because the facts here are not in dis-
pute, we review the district court's decision *de novo*.

                               A.

   We initially consider whether the district court erred in
holding that BAPCPA eliminated the ride-through option rec-

ognized in *In Re Belanger*, 962 F.2d at 347-49. *In re Belanger* analyzed the language of former § 521(2)(A), which required a debtor to file a statement of intention which, "if applicable," indicated the debtor's intent to either redeem the collateral or reaffirm the debt secured by the collateral. We interpreted the language "if applicable" to mean that the options of redeeming or reaffirming were not exclusive and, therefore, the property could ride through the bankruptcy unaffected if the debtor chose to retain the property and continue making payments. 962 F.2d at 347.

Although the text of the former § 521(2)(A) remains largely the same under BAPCPA, former § 521(2)(C) has been amended as follows: "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, *except as provided in section 362(h)*." 11 U.S.C. § 521(a)(2)(C)(emphasis added). Section 362(h), which was added to Title 11 by BAPCPA, provides in relevant part,

> [T]he stay provided by subsection (a) is terminated with respect to personal property of the estate . . . and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) —
>
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, *if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property*, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B) to take timely the action specified in such statement . . . .

11 U.S.C. § 362(h)(1) (emphasis added). Sections 521(a)(2)(C) and 362(h) significantly alter the pre-BAPCPA analysis by explicitly requiring a debtor to indicate on the statement of intention an intent to either (1) redeem the property or (2) reaffirm the debt, in order to retain the property. If the debtor fails to so indicate, the stay terminates with respect to the property, and the property will no longer be part of the estate. *See, e.g., In re Craker*, 337 B.R. 549, 550-51 (Bankr. M.D.N.C. 2006).

Section 521(a)(6), added by BAPCPA, also evidences that the ride-through option has been eliminated. That section provides that a debtor may not retain possession of personal property which is subject to a secured claim unless the debtor either reaffirms the debt or redeems the property, according to the debtor's statement of intention required by §§ 521(a)(2) and 362(h), within 45 days of the first meeting of creditors. This section further provides that if the debtor fails to so act within the 45-day period, the stay is terminated, the property is no longer considered part of the estate, and "the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law." § 521(a).

Therefore, BAPCPA amended Title 11 to eliminate the ride-through option that we recognized in *In re Belanger*, at least as applied to these facts.[3] Although our holding is at odds with *In re Belanger*, that decision has been superseded by BAPCPA. *See Santos v. United States*, 461 F.3d 886, 891

---

[3]Because Mr. Jones did not take any action to reaffirm or redeem, we have no occasion to address the "back door ride-through" option that some courts have recognized where the debtor has substantially complied with §§ 521(a)(2) and 362(h) but has been frustrated in his effort to fully comply. *See, e.g., In re Chim*, 381 B.R. 191, 198 (Bankr. D. Md. 2008); *In re Husain*, 364 B.R. 211, 218-19 (Bankr. E.D. Va. 2007).

(7th Cir. 2006) (holding that supervening developments, such
as a statutory overruling, justify deviation from prior deci-
sions of the same court).

When Mr. Jones failed to timely redeem the vehicle or reaf-
firm the contract, the automatic stay was terminated and the
vehicle was no longer part of the bankruptcy estate. The
Joneses were not entitled to retain the vehicle pursuant to the
Bankruptcy Code, and DaimlerChrysler was free to take
whatever action was permitted under West Virginia law and
its contract.

### B.

We next turn to the question of whether DaimlerChrysler
had authority to repossess the vehicle pursuant to the con-
tract's *ipso facto* clause without giving the Joneses prior
notice of a right to cure the default under state law. The gen-
eral rule is that an *ipso facto* clause in an installment loan con-
tract is unenforceable as a matter of law. *See Riggs Nat. Bank
of Washington, D.C. v. Perry*, 729 F.2d 982, 984-85 (4th Cir.
1984) (explaining that these clauses deprive a debtor of the
advantages of bankruptcy proceedings by causing him to
default immediately upon his filing a bankruptcy petition).
However, BAPCPA created an exception to this general pro-
hibition by adding § 521(d), which permits creditors to
enforce *ipso facto* clauses in consumer loan agreements
secured by personal property if the debtor fails to comply with
the provisions of §§ 521(a)(6) or 362(h). *See In re Donald*,
343 B.R. 524, 538-39 (Bankr. E.D.N.C. 2006). Specifically,
§ 521(d) provides that upon the debtor's failure to comply
with these provisions,

> nothing in this title shall prevent or limit the opera-
> tion of a provision in the underlying lease or agree-
> ment that has the effect of placing the debtor in
> default under such lease or agreement by reason of
> the occurrence, pendency, or existence of a proceed-

> ing under this title or the insolvency of the debtor.
> Nothing in this subsection shall be deemed to justify
> limiting such a provision in any other circumstance.

Therefore, the filing of the bankruptcy petition constituted default, and Mr. Jones's failure to redeem the vehicle or reaffirm the debt permitted DaimlerChrysler to take action under its contract and § 521(d) as permitted by West Virginia law. § 521(a)(6).

The Joneses argue that DaimlerChrysler waived any default under the *ipso facto* clause based on the single payment made through DaimlerChrysler's automated telephone payment system after the § 521(a)(6) 45-day period expired. However, at the time that this payment was made, the bankruptcy court had not yet issued its order confirming the termination of the automatic stay. We find that the acceptance of a single automated payment made prior to the bankruptcy court's order did not clearly waive default and did not estop DaimlerChrysler from repossessing the vehicle. *Potesta v. U.S. Fidelity & Guar. Co.*, 504 S.E.2d 135, 142 (W. Va. 1998) ("[W]here the alleged waiver is implied, there must be clear and convincing evidence of the party's intent to relinquish the known right.").

## C.

Finally, the Joneses challenge DaimlerChrysler's right to repossess the vehicle under state law based on DaimlerChrysler's failure to give notice pursuant to West Virginia Code § 46A-102-106. That section is entitled "Notice of Consumer's *Right to Cure Default*; Cure; Acceleration." (Emphasis added). As the title of that section indicates, the section directs when a creditor must give a debtor notice of the right to cure default. The section's operative language states:

> [A] creditor may not . . . commence any action or
> demand or take possession of collateral on account
> of default until ten days after notice has been given

---

In Re: JONES                                                        9

to the consumer of his or her right to cure such
default.

§ 46A-102-106. That section also specifies that the notice
must clearly state the debtor's "right to cure such default" and
requires certification by the creditor that this notice of right to
cure was provided in a specified manner. § 46A-2-106.

The requirement under § 46A-2-106 to inform a debtor of
his right to cure default is necessarily based on the premise
that the default can be cured.[4] Here, however, both parties
agree that the event that triggered default, the filing of a bank-
ruptcy petition, cannot be cured. Therefore, we affirm the dis-
trict court's holding that DaimlerChrysler was not required to
give the Joneses notice of default and right to cure before
repossessing the vehicle.

### III.

Accordingly, the judgment of the district court is affirmed.

*AFFIRMED*

---

[4]We are not required to apply statutory language when such an applica-
tion "'results in an outcome that can truly be characterized as absurd'".
*See Hillman v. IRS*, 250 F.3d 228, 233 (4th Cir. 2001) (quoting *Sigmon
Coal Co. v. Apfel*, 226 F.3d 291, 304 (4th Cir. 2000). To require notice of
right to cure when there is no ability to cure would be an absurd result.